HOYT, plaintiff in error, vs. MAPES, defendant in error.

Under the statutes now in force, appeal causes in the Circuit Court, unless the appeal be dismissed on motion of the appellee for some irregularity in taking

the appeal, or for want of jurisdiction, may be noticed for trial by either party, and be proceeded in to judgment in the same manner as in causes originally commenced in the Circuit Court.

*C. I. Walker*, for plaintiff in error.

*J. G. Sutherland*, for defendant in error.

By the Court, COPELAND, J.

It appears from the record that this was an act of replevin, originally commenced before a Justice of the Peace, and before whom on the 29th day of March, 1851, the same was tried by a jury, who returned a verdict in favor of the defendant, Mapes, and the Justice rendered a judgment in accordance therewith.

From the judgment thus rendered, the plaintiff appealed to the County Court of the proper county.

At the ensuing May term of the County Court, said cause, by election of the plaintiff, was transferred to the Circuit Court for trial. Subsequently, at a session of the Circuit Court, it appearing that the cause had been duly noticed for trial by the defendant, and the plaintiff having failed to proceed to trial, judgment of nonsuit was rendered against the plaintiff, and that the defendant recover of the plaintiff the value of the property replevied, &c.

We think the record in this case presents no error. The only point relied on at the argument by the counsel for the plaintiff was, that the Circuit Court erred in rendering a judgment of nonsuit, and for the value of the property; instead of dismissing the appeal. Under the provisions of the R. S. 1846, appeals from judgments rendered by Justices of the Peace, could only be taken to the County Court, a Court as originally constituted, always open for the transaction of business. In view of this, sec. 160 of ch. 93, relative to appeals, provided that " on the second Monday after the filing of the return of the Justice, the Court on the application of

the appellant shall name a time for the hearing of the appeal, &c. This was followed by sec. 166, upon which the plaintiff relies, and which provides that "if an appeal be not prosecuted within such time as shall be prescribed by the Court, the Court shall order the same to be dismissed with costs." Now although sec. 166 may yet remain unrepealed in terms, it has been rendered inoperative and void, by the repeal of the preceeding sec. 160; the time alluded to in sec. 166, only having reference to the time named under the provisions of the repealed sec., 160. Under the statutes now in force, appeal causes in the Circuit Court, unless the appeal be dismissed upon motion of the appellee for some irregularity in taking the appeal, or for want of jurisdiction, may be noticed for trial by either party, and be proceeded in to judgment, in the same manner as in causes originally commenced in that Court, a course which appears to have been pursued in this case at the Circuit.

The judgment of the Circuit Court must be affirmed. Let it be certified accordingly.

Douglass, J., did not hear the argument.